UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:02-cr-0169-12 (M/F) |
| | ) |
| JOSEPH A. WAYT, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on June 24, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on April 19, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held July 12, 2011 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Wayt appeared in person with his appointed counsel, Larry Champion. The government appeared by Brad Blackington, Assistant United States Attorney. U. S. Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Larry Champion was present and appointed by the Court to represent Mr. Wayt in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Wayt and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Wayt was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4. Mr. Wayt was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Wayt was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Wayt had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

7. Mr. Champion stated that Mr. Wayt would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Wayt executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Wayt, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.""** |
| | As previously reported to the Court, on October 30, 2009, the defendant submitted a urine sample which tested positive for opiates. The defendant admitted using both Suboxone and Lortab without a prescription. |
| | On March 6, 2011, the offender submitted a urine sample which tested positive for marijuana. He initially denied using the substance, but after the sample was confirmed by Alere National Laboratory, he admitted smoking marijuana. |
| 4 | **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."** |
| | As previously reported to the Court, on February 12, 2010, Mr. Wayt was unsuccessfully discharged from Life Recovery, a substance abuse treatment program, due to poor attendance. After several |

absences, the offender was informed by the provider he would be discharged if he missed any future sessions. He was absent the following week and was discharged.

As previously reported to the Court, Mr. Wayt failed to report for random urine testing on December 28, 2009, August 18, September 18, and October 18, 2010.

**5**      **"The defendant shall participate in the home confinement program for a period of 4 months, to commence immediately, and shall abide by all requirements of the program."**

As previously reported to the Court, on July 4, 2010, the offender attended a fireworks celebration in Indianapolis after he was instructed he could not attend. This was a violation of the rules of home detention and Radio Frequency (R/F) Monitoring.

**6**      **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

As previously reported to the Court, on July 23, 2010, during an approved search, two marijuana "roaches" were found in the offender's bedroom.

**7**      **"The defendant shall not possess a firearm, destructive device, or other dangerous weapon."**

As previously reported to the Court, on July 23 2010, during an approved search, a large 4 oz. bottle of pepper spray was found in the glove box of the offender's vehicle.

The Court placed Mr. Wayt under oath and directly inquired of Mr. Wayt whether he admitted violations of the specifications of his supervised release set forth above. Mr. Wayt stated that he admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1)      Mr. Wayt has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Wayt constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Wayt is 4-8 months.

4) There was no agreement on the appropriate disposition of the case.

9. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Joseph A. Wayt, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and Joseph A. Wayt is sentenced to the custody of the Attorney General or his designee for a period of 4 months, with no supervised release to follow. The defendant is allowed to surrender for service of his sentence upon designation. Until the time of his surrender to custody, defendant will remain under the same conditions of supervised release previously imposed.

The government waived the 14-day period that the parties were given to object to the herein Report and Recommendation; the defendant did not waive the 14-day period the parties were given to object to the Report and Recommendation.

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure.* You shall have within fourteen days after being served with a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts

and conclusions of law, and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of facts and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Joseph A. Wayt's supervised release.

IT IS SO RECOMMENDED this 12th day of July, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Brad Blackington
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Larry Champion,
Stewart & Irwin
Two Market Square Center
251 E. Ohio Street
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal